# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY MCALLISTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-2823** |
| **WARDEN AL STRAIN** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff, Larry McAllister ("McAllister"), is an inmate incarcerated in the St. Tammany Parish Jail ("STPJ"). He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Warden Al Strain complaining about the conditions of his confinement.

McAllister alleges that the medical dormitory, where he is housed, is in a state of disrepair and is unclean. He complains that the vents are filled with dust and paint chips fall from the ceiling. He also alleges that the ceiling leaks, leaving brown streaks down the walls and stagnate water in the showers and bathrooms. He claims that this could leave a place for insects to breed. He also complains that meals are served on rusty tables.

As relief, he seeks punitive damages in the amount of $400,000 and an order directing the Warden to make the necessary repairs to the unsanitary conditions.

## II. Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

The plaintiff has named Warden Strain as the sole defendant in this case, alleging that he is responsible for the conditions of the St. Tammany Parish Jail. The claims against the Warden are

frivolous for the following reasons. McAllister filed suit against Warden Strain because he is the head of the St. Tammany Parish Jail and, under a broad reading of his claims, is believed by McAllister to be responsible for all the aspects of prison life. Prison conditions that deny a prisoner "the minimal civilized measure of life's necessities" can constitute an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, a prisoner still must allege that the prison official named in his lawsuit acted with deliberate indifference. *Id*. McAllister has not alleged here that Warden Strain knows of or has been aware of the conditions in the medical unit or the sufficiency of his exercise time.

Instead, his claims against the Warden are in the nature of a respondeat superior theory which is not an appropriate basis for relief under § 1983. *Bagley v. Scott*, 132 F.3d 1455 (5th Cir. 1997). Warden Strain, as a supervisory official, cannot be held liable pursuant to § 1983 under a vicarious liability theory simply because an employee or subordinate violated a plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Instead, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of [the prisoner's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Supervisory liability may exist "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). An official policy is:

1. a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] . . . or by an official to whom the [entity] ha[s] delegated policy-making authority; or

2. A persistent, widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992). A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

In this case, McAllister has not alleged that Warden Strain implemented any policy which denied him of constitutionally sufficient conditions in the medical unit at the STPJ. Furthermore, McAllister has not established that the conditions in which he is housed are unconstitutional.

The Eighth Amendment's clearly established prohibition on cruel and unusual punishment forbids punishments "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). A viable Eighth Amendment claim must contain both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The prisoner must show that the defendant's "act or omission . . . result[ed] in the denial of the minimal civilized

measure of life's necessities." *Id.* Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the subjective component on a claim of inadequate conditions of confinement, the plaintiff must demonstrate that the defendant acted with "deliberate indifference." *Wilson*, 501 U.S. at 302-03. A prison official demonstrates deliberate indifference to inhumane conditions of confinement where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. *See Tallmore v. Hebert*, No. 07-1220, 2008 WL 2597939 (W.D. La. May 28, 2008) (Hill, M.J.) (unpubl. Report and Recommendation); *see also Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983) (allegations that cell had blood on the walls, excretion and bread loafs on the floor did not constitute an extreme deprivation so as to violate his rights under Eighth Amendment; plaintiff "has not alleged the sort of 'deprivation of facilities for elementary sanitation' that [the Fifth Circuit] ha[s] observed gives rise to unconstitutional confinement.") A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Ill.State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).

Instead, "jails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). McAllister's allegations do not establish that the conditions in the

medical unit reach the level of a constitutional violation. Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). The federal courts have repeatedly held that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998).

For the foregoing reasons, McAllister has failed to allege a constitutional violation for which Warden Strain, as supervisor over the STPJ, can be held liable. His claims must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted.

**IV.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that McAllister's § 1983 claims against Warden Strain be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of November, 2009.

                                                                      _____
                                                                                **KAREN WELLS ROBY**
                                                                      **UNITED STATES MAGISTRATE JUDGE**